UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AEROSPACE MARKETING, INC.
AND CHARLES PARSONS,

Plaintiff,

vs. Case No. 2:04-cv-242-FtM-29DNF

BALLISTIC RECOVERY SYSTEMS, INC.,

Defendant.
___________________________________/

**OPINION AND ORDER**

This matter comes before the Court on Defendant Ballistic Recovery Systems, Inc.'s Motion for Summary Judgment (Doc. ##64, 65) filed on March 7, 2005. Plaintiffs Aerospace Marketing, Inc. and Charles Parsons filed their Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. #85) on March 21, 2005. The parties submitted affidavits, depositions, and other materials in support of their respective briefs. This case arises out of a contract dispute between Defendant Ballistic Recovery Systems, Inc. (hereinafter BSRI or defendant), plaintiff Charles Parsons (hereinafter plaintiff Parsons), and the purported assignee, plaintiff Aerospace Marketing, Inc. (hereinafter plaintiff AMI)[1].

---

[1]Parsons and AMI also will be collectively referred to as plaintiffs.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury or the factfinder at trial could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in

the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

Viewing the facts in the light most favorable to plaintiffs, the Court finds the following summary judgment facts: Defendant, a Minnesota corporation, manufactures, markets, and sells whole aircraft parachute recovery systems for use with certain Cessna aircraft and other aircraft certified by the Federal Aviation Administration. Plaintiff Parsons, a Florida resident, is the sole owner of plaintiff AMI, a Delaware corporation.

On September 7, 2000, defendant and plaintiff Parsons entered into an agreement in which defendant granted plaintiff Parsons the right to be the exclusive sales agent for defendant's GARD-150 whole aircraft parachute recovery system (hereinafter the "September Agreement"). The September Agreement was executed in Minnesota. On the next day, plaintiff Parsons assigned all of his rights under the September Agreement to plaintiff AMI. The record shows that defendant was aware of this assignment and made no objections at the time the September Agreement was assigned to plaintiff AMI.

On October 26, 2000, defendant and plaintiff Parsons entered into another agreement in which defendant granted plaintiff Parsons

the right to be the exclusive sales agent for defendant's GARD-172 whole aircraft parachute recovery system (hereinafter the "October Agreement"). This agreement was executed in Minnesota. On the following day, plaintiff Parsons assigned all of his rights under the October Agreement to plaintiff AMI. The record shows that defendant was also aware of the October Agreement assignment and made no objections.

Both exclusivity agreements included similar terms. Plaintiff Parsons was required to order a minimum number of each whole aircraft parachute recovery system from defendant during a specific period of time. The date of this period would be triggered when defendant tendered and delivered the first parachute system, i.e., when defendant fulfilled the first order.[2] The agreements also provided when trigger dates for subsequent periods would take effect and for the number of parachute systems which plaintiff Parsons was required to order.

Additionally, the agreements included clauses addressing extensions of the time period for plaintiff Parsons to meet the minimum requirement order. In the event plaintiffs did not meet the minimum target order, defendant had the right to terminate the exclusivity agreements with plaintiff Parsons, provided defendant

[2]It is undisputed that the length of the first period under the September Agreement was from February 5, 2003 to February 4, 2004. The length of the first period under the October Agreement, however, is in dispute and is further discussed below.

gave notice of termination and plaintiff Parsons did not cure the deficiency within thirty days. (Doc. #2, Exhs. A and C.)

Plaintiffs' three-count Amended Complaint alleges that, as a result of defendant's breach of the subject exclusivity agreements, plaintiff is entitled to the following remedies: (1) specific performance that defendant retain plaintiffs as the exclusive agents of the GARD-150 and GARD-172 parachute systems (Count I); (2) injunction to enjoin defendant from using other agents in marketing and selling the subject parachute systems (Count II); and (3) monetary damages (Count III). The remaining count of defendant's Counterclaim seeks a declaratory judgment on defendant's right to terminate the agreements (Doc. #33).

**III.**

While the parties disagree on whether Florida or Minnesota substantive law should be applied, it is not necessary to resolve this legal dispute. "What will constitute a breach of contract is a matter of law to be determined by the court, and whether or not that has occurred which would constitute a breach of contract is a matter of fact to be determined by [the factfinder at trial]." Gulf Am. Land Corp. v. Wain, 166 So. 2d 763, 764 (Fla. 3d DCA 1964), quoting Winter Garden Citrus Growers Assn. v. Willits, 151 So. 509, 511 (Fla. 1934); see also A.B. McMahan Co. v. Amphenol Corp., 443 F.2d 1072, 1076 (8th Cir. 1971) (applying Minnesota law

and finding that question of whether breach has occurred was properly submitted to the factfinder at trial).

Defendant argues that plaintiff Parsons did not meet the minimum target order for GARD-150 parachute systems. After defendant exercised its right to terminate by providing to plaintiff Parsons the notice of termination, defendant asserts that plaintiff Parsons did not cure the failure to meet the minimum target order within thirty days. Consequently, defendant contends that it properly terminated the exclusivity relationship with plaintiff Parsons pursuant to paragraph 2 of the September Agreement.

Plaintiffs, however, argue that defendant caused a breach of contract by creating a situation in which it was impossible for plaintiffs to meet their minimum target order. Plaintiff Parsons asserts that, during the first period, defendant directed him to stop selling the GARD-150 parachute system due to the system's technical problems. Defendant also ceased production of and did not redesign this system. As a result, plaintiffs did not engage in any further marketing and sales efforts of the GARD-150 parachute system. Plaintiffs also claim that, under these circumstances, the minimum target order could not have been met.

The Court concludes that plaintiffs have identified sufficient record evidence in their response to the summary judgment motion to establish that there are disputed issues of material fact as to

whether defendant's breached the September Agreement under either Florida or Minnesota law. Because there is a factual dispute as to whether plaintiff Parsons stopped marketing and sales efforts of GARD-150 parachute systems as a result of defendant's actions relating to the production of this parachute system, defendant's summary judgment motion will be denied as to this aspect of the claim.

As to the October Agreement existed, the first completed order and delivery of the GARD-172 parachute system occurred in October 2002. Defendant claims that the first period expired on October 11, 2003, and that the shortage triggered defendant's right under paragraph 9 of the October Agreement. In exercising its right to terminate the exclusivity relationship with plaintiff Parsons, defendant sent a notice of termination stating the intent to terminate and indicating complete termination of the agency relationship with plaintiff Parsons. Defendant claims that, in any event, plaintiffs failed to cure the minimum target order shortage within the prescribed time and plaintiffs have made no efforts to sell any additional parachute systems.

Plaintiffs, however, argue that the expiration date was October 31, 2003, and that Plaintiffs invoked their right to extend the first period. Plaintiff Parsons asserted that he "gave notice to [defendant] to extend the Period, [he] told Thomas on several occasions prior to October 2003 that we would be extending the

first Period as long as might be necessary within the 6 months to purchase at least the minimum of 10 GARD-172s." (Doc. #85, Ex. 3, ¶ 20.) Plaintiffs further assert that an automatic extension of time was initiated so that the first period, with the extension of time, expired in April 2004. Plaintiffs alternatively claim that, even if they did not invoke their right to extend the first period, defendant nevertheless breached the October Agreement. Plaintiffs maintain that defendant's broader termination of the agency relationship is the crux of their argument that defendant breached paragraph 19 of the October Agreement. Moreover, defendant's anticipatory breach occurred when defendant completely severed the agency relationship, not only the exclusive agency aspect of the agreement, with plaintiffs and refused to allow plaintiffs to sell the GARD-172 parachute system.

The Court concludes that plaintiffs have identified sufficient record evidence in their response to the summary judgment motion to establish that there are disputed issues of material fact as to whether an anticipatory breach of the October Agreement has occurred under either Florida and Minnesota law. The Court finds factual disputes relating to whether the plaintiffs adequately provided notice of an extension of time for the first period and regarding the scope of defendant's termination of the agency relationship. The latter dispute will govern whether plaintiffs were deprived of an opportunity to cure the minimum target shortage

within the prescribed time period. Because at least these factual disputes exist, the summary judgment motion will be denied as to this aspect of the claim.

Accordingly, it is now

**ORDERED:**

Defendant Ballistic Recovery Systems, Inc.'s Motion for Summary Judgment (Doc. #64, 65) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 9th day of May, 2005.

JOHN E. STEELE
United States District Judge