UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AEROSPACE MARKETING, INC.,

                    Plaintiff,

vs.                                   Case No.  2:04-cv-242-FtM-29DNF

BALLISTIC RECOVERY SYSTEMS, INC.,

                    Defendant.
_____/

**OPINION AND ORDER**

_____This matter comes before the Court on six *in limine* motions. (Docs. #60, 98-99, 104, 106, 109).  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). In light of the nature of pre-trial *in limine* motions, the rulings below shall govern the trial, but any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.

Also before the Court is plaintiffs' Motion and Memoranduam of Law to Return Case to Jury Calendar (Doc. #100) filed on May 2, 2005.  Defendant filed its Memorandum of Law in Opposition to Plaintiff's Motion to Return Case to Jury Calendar (Doc. #114) on May 13, 2005.  These seven motions are resolved as follows:

1.   **Defendant's Motion to Exclude the Expert Testimony of**

**James H. Forrester (Doc. #60):** Federal Rule of Civil Procedure 26

governs the disclosure of expert testimony and the contents, and

states:

> (A)   [A] party shall disclose to other parties the
> identity of any person who may be used at trial to
> present evidence under Rules 702, 703, or 705 of the
> Federal Rules of Evidence.
>
> (B)   Except as otherwise stipulated or directed by the
> court, this disclosure shall, with respect to a witness
> who is retained or specially employed to provide expert
> testimony in the case or whose duties as an employee of
> the party regularly involve giving expert testimony, be
> accompanied by a written report prepared and signed by
> the witness.  The report shall contain a complete
> statement of all opinions to be expressed and the basis
> and reasons therefor; the data or other information
> considered by the witness in forming the opinions; any
> exhibits to be used as a summary of or support for the
> opinions; the qualifications of the witness, including a
> list of all publications authored by the witness within
> the preceding ten years; the compensation to be paid for
> the study and testimony; and a listing of any other cases
> in which the witness has testified as an expert at trial
> or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2).

In addition, Federal Rule of Evidence 702 governs the

admissibility of expert testimony, and states:

> If scientific, technical, or other specialized knowledge
> will assist the trier of fact to understand the evidence
> or to determine a fact in issue, a witness qualified as
> an expert by knowledge, skill, experience, training, or
> education, may testify thereto in the form of an opinion
> or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the
> product of reliable principles and methods, and (3) the
> witness has applied the principles and methods reliably
> to the facts of the case.

In <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999) and <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993), the Supreme Court held that the trial court had a "gatekeeper"" function to ensure that any and all expert testimony is both relevant and reliable.  "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact."  <u>Club Car, Inc. v. Club Car (Quebec) Import, Inc.</u>, 362 F.3d 775, 780 (11th Cir. 2004). <u>See also</u> <u>United States v. Hansen</u>, 262 F.3d 1217, 1234 (11th Cir. 2001).  "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence."  <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1261 (11th Cir. 2004); <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1256 (11th Cir. 2002).

After reviewing Mr. Forrester's report, the Court concludes that plaintiffs clearly failed to satisfy the requirements of Fed. R. Civ. P. 26.  Moreover, there is no indication that Mr. Forrester's testimony or qualifications satisfy <u>Daubert</u> and its progeny.  The Court will not allow supplementation at this late date.  Therefore, the motion will be **granted**.

**2.  Plaintiffs' Motion to Bar Testimony or Evidence Concerning Plaintiffs' Alleged Failure to Perform Certain Obligations Under the**

**Agreements at Issue (Doc. #98):** Defendant has not filed any opposition to the instant motion in which plaintiffs argue that the Court should admit only evidence which may be used to establish plaintiffs' alleged failure to meet any minimum target requirements under the subject agreements. Plaintiffs specifically request that the Court exclude any evidence which may be used to establish that plaintiffs' alleged failure to provide production forecasts or delivery schedules. Plaintiffs contend that defendant has abandoned this claim, (<u>see</u> Doc. #93, pp. 4-5)(asserting that defendant's case is based on plaintiff's failure to meet the minimum target order), and consequently, any evidence purportedly showing a failure to provide production forecasts or estimated delivery schedules is irrelevant. The Court concludes that, to the extent that defendant attempts to proffer evidence to establish that plaintiffs' failed to provide production forecasts or estimated delivery schedules as a breach of the agreements, the motion will be **granted.**

3. **Plaintiffs' Motion and Memorandum of Law to Debar Larry Williams, Robert Nelson and Boris Popov as Trial Witnesses for Defendant (Doc. #99):** In deciding whether to exclude a witness from testifying at trial, the Court should consider the following factors:

> (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify.

-4-

R.M.R. ex rel. P.A.L. v. Muscogee County School Dist., 165 F.3d 812, 818 (11th Cir. 1999).

Plaintiffs seek to exclude the testimony of Larry Williams, Robert Nelson, and Boris Popov at trial because defendant did not timely disclose these witnesses. Plaintiffs further claim that they will be severely prejudiced if Williams, Nelson, and Popov are allowed to testify at trial. Defendant, on the other hand, argues that the testimony of these witnesses will be necessary to rebut any attempts by plaintiffs to introduce evidence that the scope of plaintiff Charles Parsons's exclusivity right included the right to market and sell the GARD-182 System under one of the subject agreements. Defendant states the reason for its delay in disclosing these witnesses resulted from plaintiffs' failure to notify defendant of plaintiffs' position on the GARD-182 System. Specifically, plaintiffs now assert that they also had an exclusive right to market and sell the GARD-182 System under one of the subject agreements. The Court agrees with defendant, and concludes that Williams, Nelson, and Popov are rebuttal witnesses to any evidence which plaintiffs may introduce to support their assertion that plaintiff Parsons held an exclusive right to market and sell the GARD-182 System. The motion will be **denied.**

**4. Plaintiffs' Motion and Memorandum of Law to Return Case to Jury Calendar (Doc. #100):** Federal Rule of Civil Procedure 39 governs waiver of a jury demand, and states as follows:

When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

Plaintiffs seek to return the matter to the jury trial calendar. They state that, when defendant made a jury demand pursuant to Fed. R. Civ. P. 38, the consent of all the parties was required to remove the matter from the jury. Plaintiffs argue that this consent was never obtained, and consequently, plaintiffs did not waive or withdraw their jury demand. Plaintiff also states that the jury demand was revived in defendant's Answer (Doc. #33) to the Amended Complaint, which added plaintiff Parsons as a party to the action. Defendant counters that neither plaintiff Aerospace nor plaintiff Parsons made a jury demand at the time of filing the original Complaint or the Amended Complaint. Defendant claims that plaintiff Aerospace withdrew its jury demand when plaintiff Aerospace agreed to the joint Case Management Report in which plaintiff Aerospace and defendant requested a bench trial (Doc. #16, p. 2). Defendant further argues that plaintiff Aerospace's withdrawal is binding on plaintiff Parsons. After considering all the circumstances in this case, the Court concludes that this case

should be returned to the jury trial calendar.  The motion will be **granted.**

5.  **Defendant's Motion** *in Limine* **to Exclude Evidence of Damages Allegedly Sustained by Plaintiff Charles Parsons (Doc. #104):** Plaintiffs oppose defendant's request to exclude evidence of damages allegedly sustained by plaintiff Parsons.  Defendant claims that such evidence is irrelevant because plaintiff Parsons assigned all his rights and obligations under the subject agreements to plaintiff Aerospace.  Plaintiffs argue that plaintiff Parsons is the sole shareholder, owner, officer, and director of plaintiff Aerospace and, as the principal party-in-interest, made expenditures, on behalf of plaintiff Aerospace, in performing the obligations under the subject agreements.  Such expenditures constitute losses for the principal party-in-interest.  The Court concludes that evidence of damages allegedly sustained by plaintiff Parsons may be relevant in calculating plaintiff Aerospace's alleged damages.  The motion will be **denied.**

6.  **Defendant's Motion** *in Limine* **to Exclude Evidence Relating to the GARD-182 System (Doc. #106):** The agreement in which plaintiff Parsons and defendant entered on October 26, 2000, provides in pertinent part:

> BSRI is seeking funding for the development and certification for a whole aircraft parachute system for the Cessna-172 aircraft and, without limitation, other similar aircraft within allowable FAA certification (the "GARD-172").  To that end and as a point of

> clarification, it is the intention of BRSI to explore the
> possibility of and request certification of other like
> kind aircraft along with the Cessna 172, however, no
> assurances can be made as to the success of such a
> request. In the event that other like kind aircraft are
> not allowed or included reasonably within the
> certification sought under this agreement, then this
> agreement shall include certification for the Cessna 172
> aircraft only....

(Doc. #2, Ex. C).

Defendant argues that the above clause does not include the GARD-182 System which is a distinct and separate parachute system independent of the GARD-172 System. Plaintiffs, however, argue that the GARD-182 System and the GARD-172 System are virtually the same parachute systems. Plaintiffs further state that these two systems were developed out of the same funding provided by plaintiff Parsons, without objection from defendant, and are now marketed jointly by defendant. Additionally, the contract language suggests that plaintiff Parsons's exclusive right also includes the marketing and sale of parachute systems for "other similar aircraft" to the Cessna 172. The Court cannot make a determination as to whether the subject agreement granted to plaintiffs the exclusive right to market and sell the GARD-182 System at this stage of the proceedings. The Court concludes that further development of the record with respect to this issue is necessary before making a finding, and as such, the motion is **denied.**

**7. Defendant's Motion *in Limine* to Exclude Evidence of Damages Allegedly Sustained by Non-Party Entities (Doc. #109):** Plaintiffs

oppose defendant's request to exclude evidence of damages allegedly sustained by non-party entities.   Defendant claims that such evidence is irrelevant because these entities are not parties to the subject agreements and they are separate entities from the plaintiffs.   Plaintiffs argue that plaintiff Parsons, as the principal party-in-interest, is the sole shareholder, owner, officer, and director of each of these entities.   Plaintiffs also claim that these entities were formed for the purpose of performing discreet functions required under the agreements at issue. Moreover, these entities made expenditures to satisfy plaintiffs' obligations under the agreements.   Such expenditures constitute losses for the principal party-in-interest, plaintiff Parsons.   The Court concludes that evidence of damages allegedly sustained by the non-party entities may be relevant in calculating plaintiffs' alleged damages.   The motion will be **denied**.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Exclude the Expert Testimony of James H. Forrester (Doc. #60) is **GRANTED;**

2.   Plaintiffs' Motion to Bar Testimony or Evidence Concerning Plaintiffs' Alleged Failure to Perform Certain Obligations Under the Agreements at Issue (Doc. #98) is **GRANTED;**

3.   Plaintiffs' Motion and Memorandum of Law to Debar Larry Williams, Robert Nelson and Boris Popov as Trial Witnesses for Defendant (Doc. #99) is **DENIED;**

4.   Plaintiffs' Motion and Memorandum of Law to Return Case to Jury Calendar (Doc. #100) is **GRANTED;**

5.   Defendant's Motion *in Limine* to Exclude Evidence of Damages Allegedly Sustained by Plaintiff Charles Parsons (Doc. #104) is **DENIED;**

6.   Defendant's Motion *in Limine* to Exclude Evidence Relating to the GARD-182 System (Doc. #106) is **DENIED;**

7.   Defendant's Motion *in Limine* to Exclude Evidence of Damages Allegedly Sustained by Non-Party Entities (Doc. #109) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of May, 2005.


JOHN E. STEELE
United States District Judge