```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


AEROSPACE MARKETING, INC., and
CHARLES F. PARSONS

                Plaintiffs,


vs.                                  Case No.  2:04-cv-242-FtM-29DNF


BALLISTIC RECOVERY SYSTEMS, INC.,

                Defendant.
_____/
```

**ORDER**

This matter comes before the Court on defendant's Emergency Motion to Stay Execution on Judgment Pursuant to Fed. R. Civ. P. Rule 62(b) (Doc. #161), filed on August 19, 2005.  Judgment (Doc. #143) was entered pursuant to a jury verdict in favor of plaintiff Charles F. Parsons in the sum of $230,958.00 with interest; and plaintiff Aerospace Marketing, Inc. in the sum of $3,170,814.00 with interest.  Defendant's Motion to Set Aside Verdict or for New Trial Under Fed. R. Civ. P. Rules 50 and 59 (Doc. #154) remains pending before the undesigned.

Defendant seeks to stay the case to "preserve its ongoing business operations" and to allow the opportunity to try and obtain a bond.  By way of Affidavit of Larry Williams (Doc. #163), President and CEO of defendant corporation, defendant states that

a Garnishment Summons has been issued as to its bank account; that approximately $800,000 in funds are being held as a result; defendant does not have sufficient cash to secure a bond for the entire amount of the Judgment; further collection could force a bankruptcy filing; and that additional time is required to negotiate a bond.

Under Fed. R. Civ. P. 62(d), appellant may obtain a stay by posting a supersedeas bond that is approved by the Court. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979).[1] The posting of the bond serves to protect plaintiffs' interests as the money is set aside for payment if the appeal is unsuccessful.

In this case it is clear that defendant is unsure of its ability to fulfill its obligations, now and in the future. As such, the Court finds that a stay of the Judgment is inappropriate without the posting of a bond.

Accordingly, it is now

**ORDERED:**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendant's Emergency Motion to Stay Execution on Judgment Pursuant to Fed. R. Civ. P. Rule 62(b) (Doc. #161) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of August, 2005.

                                                                    _____
                                                                    JOHN E. STEELE
                                                                    United States District Judge

Copies:
Counsel of record