```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION


AEROSPACE MARKETING, INC. and
CHARLES F. PARSONS,

                    Plaintiffs,

vs.                                Case No.  2:04-cv-242-FtM-29DNF

BALLISTIC RECOVERY SYSTEMS, INC.,

                    Defendant.
_____/
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant Ballistic Recovery Systems, Inc.'s Motion to Set Aside Verdict or For New Trial Under Fed. R. Civ. P. Rules 50 and 59 (Doc. #154) filed on July 18, 2005. Plaintiffs' Response (Doc. #160) was filed on August 1, 2005.

**I.**

Plaintiffs Charles Parsons ("Parsons") and Aerospace Marketing, Inc. ("AMI") brought claims against defendant Ballistic Recovery Systems, Inc. (defendant or "BRS") for breach of contract arising out of two exclusivity agency agreements between Parsons and BRS. After a four-day jury trial, a jury returned a verdict in plaintiffs' favor on all counts. Defendant now moves for a judgment notwithstanding the verdict, or alternatively, seeks a new trial.

**II.**

**A. Rule 50(b) Motion**

Fed. R. Civ. P. 50(b) governs renewing a motion for judgment after trial and states as follows:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment – and may alternatively request a new trial or join a motion for a new trial under Rule 59.

In the instant motion, defendant renews its motion for judgment as a matter law pursuant to Rule 50(b). Plaintiffs oppose the motion and claim that defendant is precluded from bringing the instant Rule 50(b) motion because defendant failed to make a motion for judgment as a matter of law at the close of all evidence. The Court agrees with plaintiffs.

For a court to be obligated to consider a post-trial motion for judgment as a matter of law, the moving party must have made a motion for such a judgment under Rule 50(a) at the close of all the evidence. See Blasland, Bouck & Lee, Inc. v. City of North Miami, 283 F.3d 1286, 1300 (11th Cir. 2002) (citing SEC v. Adler, 137 F.3d 1325, 1331 n.18 (11th Cir. 1998)); Austin-Westshore Constr. Co. v. Federated Dep't Stores, Inc., 934 F.2d 1217, 1222 (11th Cir. 1991); Fed. R. Civ. P. 50(b). Here, defendant did not make a Rule 50(a) motion at the close of all the evidence. By failing to make a

motion for judgment as a matter of law at the close of all evidence, defendant forfeited its right to have the court consider its post-trial motion for judgment as a matter of law.  Thus, defendant's Rule 50(b) motion is due to be denied.

**B.  Rule 59 Motion**

Under Fed. R. Civ. P. 59, the Court may grant a new trial "for any of the reasons for which new trials have heretofore been granted[.]"  Fed. R. Civ. P. 59(a); George v. GTE Directories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000).  The reasons courts have granted new trials include "substantial errors in the admission or rejection of evidence[.]"  Doe v. Celebrity Cruises, Inc., 287 F. Supp. 2d 1321, 1329 (S.D. Fla. 2003); see also Azevedo v. Housing Auth. of City of Sarasota, 147 F.R.D. 255, 257 (M.D. Fla. 1993).  A motion for a new trial should not, however, be used merely to relitigate old issues already decided.  Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D. Fla. 1994).

Defendant raises the following two issues in its motion for a new trial:

1. The Court erred in allowing the admission of defendant's Annual Report and the Siebel Memo that resulted in substantial prejudice to defendant; and

2. The jury's verdict was contrary to the weight of the evidence, specifically the award of loss profits damages was based on speculation and conjecture.

Plaintiffs argue that, because the evidence and testimony support the jury's decision, denial of defendant's request for a new trial is warranted.

The Court has carefully considered the motion, and concludes that it should be denied.  First, defendant's arguments consist of restatements of substantive arguments made before and during trial regarding the evidentiary issues listed above.  "The admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion."  Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1554 (11th Cir. 1995); see also Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004).  The Court considered these issues during the course of the litigation and at trial, and upon reflection the Court adheres to its prior rulings and explanations.

Second, in support of its motion for a new trial, defendant asserts that the jury verdict was contrary to the weight of the evidence because (1) AMI did not prove with reasonable certainty that the termination of the October Agreement was the cause of any lost profits; and (2) AMI's actual pre-termination performance yielded continuing net losses.  Defendant argues that plaintiffs' evidence does not show that AMI could have realized loss profits and, in fact, AMI never achieved profitability.  Defendant further claims that any loss profits would be speculative.  The Court is satisfied that the jury was properly instructed as to damages, that the evidence at trial supports the jury verdict, and that a new trial is not otherwise necessary under the standard outlined above.

It appears that defendant also seeks to have the Court amend the judgment in favor of Parsons under Fed. Civ. P. Rule 59(e). Specifically, defendant argues that Parsons is not the proper plaintiff before the Court, and that Parsons assigned his rights under the September Agreement to AMI. Defendant asserts that Parsons therefore is not the real party in interest.[1]

A "real party in interest" is the party in whose name a federal civil action "shall be prosecuted...." Fed. R. Civ. P. 17(a). Furthermore, a real party in interest must be "the party who, by the substantive law, has the right sought to be enforced," Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 257 (5th Cir. 1980), and who "possesses a significant interest in the action to entitle him to be heard on the merits." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1542, at 58 (supp. 1999).

Defendant states that "Parsons is not a proper plaintiff in this suit, and is not entitled to damages resulting from its breach as a matter of law. Under Florida law, once a party has made an unqualified assignment, the assignor no longer has standing to

---

[1] Defendant briefly mentions standing, which is conceptually distinct from plaintiff's status as the real party in interest. Standing is a constitutional requirement that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Allen v. Wright, 468 U.S. 737, 750-51 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Constitutional standing can be raised at any time, but the Court is satisfied in this case that plaintiff has such constitutional standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)

bring suit." (Doc. #155, p. 5). Defendant is correct in its assertion that the Court must look to the governing substantive law – here, the law of Florida – to determine whether Parsons in this action is the real party in interest – i.e., the party who, by the substantive law, has the right sought to be enforced – as is required by Rule 17(a). Lubbock Feed Lots, Inc., 630 F.2d at 256-57; see United States v. 936.71 Acres of Land, More or Less, in Brevard County, State of Fla., 418 F.2d 551, 556 (5th Cir. 1969)("Whether a person is a real party in interest depends upon his substantive rights, which, in diversity cases and cases like the present one, are determined by state law."). Florida courts also recognize that "[b]ecause an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, *unless authorized to do so by the assignee*." State Farm Fire and Casualty Co. v. Ray, 556 So. 2d 811, 813 (Fla. 5th DCA 1990); see also Superior Ins. Co. v. Libert, 776 So. 2d 360, 365 (Fla. 5th DCA 2001)(same).

It is undisputed that Parsons assigned AMI his rights under the September Agreement. (Doc. #93, p. 16). Defendant first challenged the validity of the assignment in a separate federal action in the District Court of Minnesota. Ballistic Recovery Systems, Inc. v. Parsons, No. 04-1467 (PAM/RLE) (D.C. Minn.). While aware of the assignment issue, defendant did not move for

-6-

dismissal of Parsons from the instant action until the jury charge conference during the trial. (Doc. #148, pp. 5-6). Under the circumstances, the Court finds that defendant waived the affirmative defense that Parsons was not a proper plaintiff.

Alternatively, AMI, as the assignee, asserts that it authorized Parsons to make a claim on the subject contract after the assignment was made. (Doc. #160, p. 3). Defendant does not dispute that the authorization exists. Thus, the Court finds that there was an unqualified assignment, and that Parsons was authorized to bring a claim on the subject contract.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Moreover, "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). Defendant has failed to provide the Court with any facts indicating that any of these three factors is present. Thus, the Court concludes that defendant has failed to meet the Rule 59(e) standard and its motion is due to be denied.

Accordingly, it is now

**ORDERED**:

Defendant Ballistic Recovery Systems, Inc.'s Motion to Set Aside Verdict or For New Trial Under Fed. R. Civ. P. Rules 50 and 59 (Doc. #154) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2005.

_____
JOHN E. STEELE
United States District Judge